PER CURIAM.
The Florida Bar (“the Bar”) petitions this Court to amend chapter 6 of the Rules Regulating The Florida Bar (Legal Specialization and Education Programs).[1] More specifically, the Bar proposes amending rule 6-12 (Basic Skills Course Requirement Rule, otherwise known as the “BSCR” or “Bridge the Gap Program” for new bar members) to shorten the existing Bridge the Gap Program, redirect its focus towards more practical subjects (such as ethics, professionalism, law office management, and trust accounting), and require live attendance at two separate continuing legal education programs on basic-level substantive law topics of the individual new bar member’s choosing. The proposed amendments primarily specify components of and applicable deadlines for compliance with the BSCR; include the requirement for attendance at two live basic-level continuing legal education programs; codify permanent exemptions from the BSCR and recharacterize other BSCR deferrals consistent with current administrative practices; and further codify options for satisfaction of the BSCR by various classes of members. Remaining amendments are primarily editorial in nature.
In short, the Bar seeks through these proposed amendments to expose new bar members to practical aspects of the law, but at the same time allow such members a certain *1259 measure of autonomy in fashioning the substantive portion of their required continuing legal education. The Bar has complied with all applicable notice and publication requirements, and no adverse comments have been received. Accordingly, and upon consideration of the proposed amendments, we adopt same as reflected in the appendix to this opinion. New language is indicated by underscoring, deletions by strike-through type. These amendments shall become effective January 1,1998, at 12:01 a.m.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
APPENDIX
CHAPTER 6. LEGAL SPECIALIZATION AND EDUCATION PROGRAMS
6-12. BASIC SKILLS COURSE REQUIREMENT RULE
RULE 6-12.1 BASIC SKILLS COURSE REQUIREMENT
(a) Preamble. It is of primary importance to the public and to the members of The Florida Bar that attorneys begin their legal careers with a thorough and practical understanding of the law. To accomplish that objective, each member of The Florida Bar (hereinafter referred to as “member”) is required to comply with the basic skills course requirement (hereafter BSCR) presented by the young lawyers division of The Florida Bar (hereafter YLD).
(b) Basic Skills Course Requirement.
(1) The BSCR shall consist of:
(A) a program which addresses issues of ethics, professionalism, law office management, trust accounting, and other “hands on” and practical subjects, or such other subjects as are determined to be reasonable and/or necessary by the young lawyers division of The Florida Bar, and
(B) live attendance at 2 “basic” level substantive continuing legal education programs presented by the YLD.
(2) The BSCR shall be completed either 8 as follows:
(A) the portion of BSCR described in rule 6-12.1(b)(l)(A) above shall be completed:
(i) no sooner than 8 months prior to or 12 and no later than 12 months following admission to The Florida Bar, or
(ii) no later than 12 months following the expiration of any exempt or deferred status (described in rule 6-12.1(d) below); and
(B) the portion of BSCR described in rule 6-12.1(b)(l)(B) above shall be completed within the initial 3-year continuing legal education cycle after admission to The Florida Bar, or within 2 years after the expiration of any -exempt status.
(3)Each member shall receive continuing legal education credit for completion of the BSCR which shall be applicable under rule 6-10.3(b), whether taken before or after admission to The Florida Bar.
(c) Applicability. Every member admitted to The Florida Bar after October 1,1988, except those exempt under rule 6-12.1(d) shall comply with the BSCR.
(d) Deferment or Exemptions.
(1) A member of The Florida Bar is eligible to defer compliance with exempt from the BSCR if:
(1)(A) the member is on active military service;
(2)(B) compliance would create an undue hardship;
(3)(C) the member is a nonresident member whose primary office is outside the state of Florida-; or
(D) the member is a full-time governmental employee.
(4)(2) A member of The Florida Bar is permanently exempt from the portion of BSCR described in rule 6-12,l(b)(l)(B) above ffi
(A) the member has been in prior- private practice (non-governmental) in a foreign jurisdiction on a full-time -and continuous basis for the-5-years for at least the 5-year period immediately preceding the commencement of the practice of law in Florida, subject to the rules of the entity regulating the foreign practice; and
*1260 (B), the member has completed 30 thirty (30) hours of continuing legal education during the immediately preceding 5-year period; and, provided-further, that
(C) the prior practice has reasonably prepared the member for the anticipated type of practice in Florida; — or.
(5) the member is a full-time governmental employee,.
(e) Fees. The board of governors of The Florida Bar may require a reasonable fee to be paid to The Florida Bar in connection with each member’s BSCR compliance.
(f) Policies. The board of legal specialization and education of The Florida Bar shall adopt policies necessary to implement BSCR, subject to the approval of the board of governors.
RULE 6-12.2 ADMINISTRATION
(a) Responsibility. The board of legal specialization and education shall oversee compliance with the BSCR as herein provided. The young lawyers division (hereafter YLD) of The — Florida Bar YLD shall be responsible for the planning, content, and presentation of the BSCR seminars.
(b) Delegation of Authority. The board of legal specialization and education may delegate to the staff of The Florida Bar any responsibility set forth herein, except that of granting a waiver or exemption from BSCR.
(c) Maintenance of Records. The Florida Bar shall maintain a record of each member’s compliance with BSCR.
RULE 6-12.3 BASIC SKILLS COURSE STANDARDS
The YLD shall establish minimum quality standards for the BSCR that shall include instructions on discipline, ethics, and responsibility to the public.
RULE 6-12,4 EXTENSION AND COMPLIANCE
(a) Extended Time for Compliance. If a member fails -to complete-the required-basic-skills course by the end of the applicable reporting period, the member may request an extension-of-180 days or the member shall establish eligibility for an-exemption-under-rule 6-12.1 (d). — Any request for extension shall be deemed approved-unless,-within 30 days after-receipt, the board of legal specialization and education notifies the member that the request has-not-been approved.
(b) — Compliance,-Completion—e£—the BSCR, after an approved extension, shall be reported by the member-te-the board of legal specialization-and education no later than 15 days following- the expiration of the-exten-sion.
RULE 6-12.54 NONCOMPLIANCE AND SANCTIONS
(a) Notice of Noncompliance. If a member fails to comply with this chapter in any respect, the board of legal specialization and education shall promptly send a notice of noncompliance to such member. The-notice shall specify the nature of the noncompliance mid state that, if the member is unable to show evidence- of compliance, and — fails to request an-extension or exemption, or requests an extension and -the extension expires, tThe member shall be deemed delinquent in accordance with rule 1-3.6, Rules Regulating The Florida Bar.
(b) Hearing on Notice of Noncompli-anee, — If a hearing is requested, such request and hearing shall be governed by the policies adopted pursuant-to this rule, — If-it is dotormined-that compliance has beon established, the -board of legal specialization and education^ records shall so indicate.
If it is determined after hearing that compliance has not been established, the board of legal specialization and education shall, for reasonable-cause, allow-the member-an extension of-480-days in which to comply. Evidence of completion of-the BSCR- shall be reported te-the board of legal-speeialization and education not'later than 15 days following the expiration of the- extension. — If-the member fails-to complete-the BSCR within the- time-previded, the board of legal specialization and education shall proceed as though there was no-reasonable-cause for-noneompli-anee. — Upen-a-finding-by-the board of legal specialization and education of no reasonable cause for noncompliance,-the member shall be- deemed — delinquent in accordance with rule 1-3,6 — -Rules Regulating The Florida Bar.
*1261 (e)(b) Appeal to the Board of Governors. A decision of the board of legal specialization and education may be appealed to the board of governors of The Florida Bar. Appeals to the board of governors shall be governed by the policies promulgated under these rules.
fd)(c) Appeal to the Supreme Court of Florida. A decision of the board of governors may be appealed by the.affected member to the Supreme Court of Florida. Appeals to the court shall be governed by the policies promulgated under these rules.
feXd) Exhaustion of Remedies. A member must exhaust each of the remedies provided under these rules in the order enumerated before proceeding to the next remedy.
f#Ke) Tolling Time for Compliance. An appeal shall toll the time a member has for showing compliance with BSCR.
RULE 6-12.65 REINSTATEMENT
Any member deemed delinquent for failure to meet BSCR may be reinstated by the executive director of The Florida Bar or board of governors of The Florida Bar upon a showing that the noncompliance has been corrected and upon payment of a uniform reinstatement fee, as established by the board of governors of The Florida Bar.
RULE 6-12.76 CONFIDENTIALITY
The files and records maintained and any hearings conducted pursuant to this rule shall be confidential until such time as delinquency or compliance with the BSCR is established, whichever shall occur first. If a member is deemed delinquent pursuant to this rule, that fact shall be public information.
RULE 6-12.87 DISCIPLINARY ACTION
The board of legal specialization and education may refer a member who makes a misrepresentation of a material fact concerning compliance with or exemption from BSCR for disciplinary proceedings under chapters 3 and 4, Rules Regulating The Florida Bar.

. We have jurisdiction. Art. V, § 15, Fla. Const.